CHARLES POLLOCK & SONS, INC., APPELLANT, *v.*
CITY OF CLEVELAND, APPELLEE.

(No. 79-117—Decided December 12, 1979.)

*Sindell, Sindell, Selker, Rubenstein, Einbund & Pavlik Co., L.P.A. Mr. Lewis Einbund* and *Mr. Mark A. Selker,* for appellant.

*Mr. Jack M. Schulman,* director of law, and *Mr. Robert McCarthy,* for appellee.

*Per Curiam.* To decide this cause, we only need to determine if the resolution in Docket A-49-69, dated March 30, 1970, is valid under Section 3103.18 of the Codified Ordinances of the city of Cleveland. Appellant does not contest that board resolutions can be given *res judicata* effect,[1] nor does appellant assert that *res judicata* would not properly apply to the resolution of March 30, 1970, at the September 27, 1971, hearing if the resolution were valid.[2]

Appellant contends that the resolution is invalid because the board failed to send appellant a certified copy of it as required by Section 3103.18 (c) (1)[3]. Moreover, appellant

---

[1] See *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263.

[2] For example, appellant has not argued that there was a material change in circumstance between March 30, 1970, and September 27, 1971.

[3] Section 3103.18 (c) (1) of the Codified Ordinances of the city of Cleveland provides:

"Every rule or regulation, and every amendment or repeal thereof, and every order, requirement, decision or determination of the Board shall immediately be filed in the office of the Board, and the office of the Commissioner of Building and in

asserts that the board's arbitrary disregard of this section's mandatory notice requirement is a denial of appellant's due process rights under the Fourteenth Amendment to the United States Constitution.[4]

Our examination of the board's procedure pursuant to Section 3103.18 discloses that the sending of a certified copy of the resolution of March 30, 1970, to appellant was a directory rather than a mandatory requirement. Therefore, there is no merit to either of appellant's contentions.

Under Section 3103.18 (c) (2)[5], the board constructively notifies parties of its decisions by publishing its resolutions in the City Record, not through mailing certified copies of these resolutions to parties.[6] The periods within which a party must either comply[7] or seek judicial review[8] are keyed to this date of publication, not to the date of mailing or receipt of a certified copy. In fact no procedures under Section 3103.18 turn on whether or when a certified copy is mailed, nor does Sec-

---

the office of any other administrative official or agency directly affected thereby, and shall be open to public inspection. When action has been taken upon an appeal, a certified copy of the Board's decision shall be sent by mail or otherwise to the appellant."

[4] Section 1 of the Fourteenth Amendment to the United States Constitution provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[5] Section 3103.18 (c) (2) provides:

"The Board shall publish in the City Record every order, requirement, decision and determination of the Board and the reasons therefor whenever it deems it practical to do so; and such other matters as the Board may deem advisable to publish."

[6] Section 3103.18 (c) (1) also requires that the board immediately file its decisions in the office of the board, in the office of the Commissioner of Building and in any other interested office or agency. All such filings are open for public inspection.

[7] In its final form as published in the City Record, the resolution of March 30, 1970, required appellant "to comply within sixty working days of the *publication* of this resolution, namely by the date of November 17, 1970." (Emphasis added.)

[8] Section 3103.18 (g) (3) provides:

"A person aggrieved by a decision of the board may, within 15 days after the posting or publication of such decision, apply to the appropriate court to correct errors of law in such decision."

tion 3103.18 specify when a certified copy is to be mailed, or that it needs to be received.

In addition, Section 3103.18 (g) (3) requires that appellant apply to the appropriate court "within 15 days after the posting or publication***to correct errors of law***." Under Section 3103.18 (c) (2), the board publishes a decision by entering it in the City Record. The resolution of March 30, 1970, was so published on or about August 20, 1970. Thus, under Section 3103.18, appellant's receipt or non-receipt of a certified copy of the resolution had no impact upon the commencement of this 15-day period.

Because the mailing of the certified copy serves no essential function under Section 3103.18, we determine it to be a directory requirement. Thus, the resolution is valid without regard to its mailing. Since the resolution is valid, we also find appellant's due process argument totally without merit.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, LYNCH, LOCHER and HOLMES, JJ., concur.

LYNCH, J., of the Seventh Appellate District, sitting for SWEENEY, J.